UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**ALEJANDRO J. MEDINA URIBE**,                   Case No.:          1:23-cv-22799-KMM

    Plaintiff,
v.

**CLEANER'S GURU LLC**, a Florida Limited
Liability Company d/b/a **TOTAL G TELECOM,**
and **RAFAEL E. HERNANDEZ,** Individually,

    Defendants.
_____/

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO THE COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

Defendants Cleaner's Guru LLC d/b/a Total G Telecom ("Cleaner's Guru") and Rafael E. Hernandez ("Hernandez"), through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), respectfully request an extension of time to respond to Plaintiff's Complaint, through and including October 2, 2023.

**I. Background**

On July 27, 2023, Plaintiffs filed the Complaint, claiming that Defendants violated the Fair Labor Standards Act.  Doc. 1.  On July 31, 2023, Cleaner's Guru was served with the Complaint and Summons.  Doc. 6.  Accordingly, Cleaner's Guru's deadline to respond to Plaintiff's Complaint was August 21, 2023.  Defendant Hernandez was served on August 10, 2023.  Doc. 7.  Accordingly, Hernandez's deadline to respond to Plaintiff's Complaint was August 31, 2023. Defendants recently retained undersigned counsel who determined that Defendants deadlines to respond to the Complaint had passed, and immediately reached out to opposing counsel to discuss this Motion and grounds to extend the deadline to respond to the Complaint.  This Motion follows.

## II. <u>Argument</u>

Rule 6(b) of the Federal Rules of Civil Procedure provides that this Court may order extensions of time at any time in its discretion for good cause shown. Where the request is made, as here, after the expiration of the specified period of time, an extension may be granted where there has been "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is determined by considering such factors as "the danger of prejudice to the non-movant;" "the length of the delay and its potential impact on judicial proceedings;" "the reason for the delay, including whether it was within the reasonable control of the movant;" and "whether the movant acted in good faith." *U.S. v. Marder*, No. 1:13-cv-24503-KMM, 2016 U.S. Dist. LEXIS 65510, at *25 (S.D. Fla. May 18, 2016) (citations omitted).

Excusable neglect and good cause are present here. Defendants' delay was caused by a misunderstanding and mistaken calendaring of the response deadline prior to retention of counsel, in part, due to a couple of very similar pending matters and Defendants did not appreciate the distinctions and deadlines. *See generally Mitsubishi HC Capital Am., Inc. v. Aero. Asset Trading,* No. 22-20074-Civ-Williams/Mcaliley, 2022 U.S. Dist. LEXIS 36800, at *3-4 (S.D. Fla. Mar. 1, 2022) (noting that this Court found excusable neglect present and valid to extend time where a party's counsel incorrectly calendared the deadline to respond and quickly acted "once they realized their mistake."). Further, due to Defendants' counsel's recent retention, additional time is needed to review files to formulate an appropriate response to the Complaint. Due to the recency of undersigned's retention, however, Defendants respectfully request additional time to complete this process. Plaintiff is not prejudiced by the brief delay; indeed, Plaintiff's counsel has confirmed no opposition to this Motion for an extension.

Further, the length of the delay is brief, and will not delay these proceedings. Additionally, Defendants would be prejudiced if the extension is denied or default entered, as resolution on the merits is favorable in federal courts. *See*, *e.g., Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (noting that the Eleventh Circuit has a strong policy of determining cases on their merits and, therefore, does not favor default judgments.).

### III. Conclusion

WHEREFORE, Defendants respectfully request that the Court grant this Motion, and allow Defendants an extension of time through and including October 2, 2023, to respond to Plaintiffs' Complaint.

### Local Rule 7.1(a)(3) Certification

Undersigned counsel hereby certifies that she has conferred with Plaintiff's counsel on September 6, 2023, regarding the relief requested in this Motion, and Plaintiff has no opposition thereto.

Dated this 6th day of September 2023.

Respectfully submitted,

SPIRE LAW, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765

By: */s/ Jamie L. White*
Jamie L. White, Esq.
Fl. Bar No. 100018
Alyssa Castelli, Esq.
Fl. Bar No. 1032306
jamie@spirelawfirm.com
alyssa@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com

*Attorneys for Defendants*

## Certificate of Service

I hereby certify that on this 6th day of September 2023, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel, Nathaly Saavedra, Esq., Juan J. Perez, Esq. and P. Brooks LaRou, Esq., Peregonza The Attorneys, PLLC, 5201 Blue Lagoon Drive, Suite 290, Miami, Florida 33126, via email at nathaly@peregonza.com; juan@peregonza.com; brooks@peregonza.com.

*/s/ Jamie L. White*
Attorney